UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE GARCIA and VICENTE GARCIA,　　　　　　Civil Action No.:

　　　　　　Plaintiffs,

　-against-

MARIO'S PIZZERIA OF E. NORTHPORT CORP.,
GEORGE SPANOS, and CHRISTOPHER SPANOS,

　　　　　　Defendants.
---------------------------------------------------------------X

## COMPLAINT

Plaintiffs, JOSE GARCIA and VICENTE GARCIA, as and for their Complaint against Defendants, MARIO'S PIZZERIA OF E. NORTHPORT CORP., GEORGE SPANOS, and CHRISTOPHER SPANOS (hereinafter collectively "Defendants"), respectfully allege as follows:

### JURISDICTION AND VENUE

1.　　Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter the "NYLL"), and the supporting New York State Department of Labor Regulations of the New York Codes, Rules, and Regulations (hereinafter the "Regulations"), including 12 N.Y.C.R.R. § 142-2.2, to recover unpaid overtime compensation and for other relief.

2.　　Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Jose Garcia, is an adult individual who is a resident of Huntington Station, New York.

6. Jose Garcia has been employed by Defendants as a cook/kitchen helper from around 2005 to the present.

7. Plaintiff, Vicente Garcia, is an adult individual who is a resident of Huntington Station, New York.

8. Vicente Garcia has been employed by Defendants as a pizza maker from around 1999 to the present.

9. Defendant, Mario's Pizzeria of E. Northport Corp. ("Mario's Pizzeria"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, at all relevant times, Mario's Pizzeria has maintained, and still maintains, a place of business located at 311 Larkfield Road, East Northport, New York.

11. Upon information and belief, at all relevant times, Mario's Pizzeria has operated, and still operates, a pizzeria located at 311 Larkfield Road, East Northport, New York.

12. Upon information and belief, defendant, George Spanos, is an adult individual residing in the State of New York.

13. Upon information and belief, at all relevant times, George Spanos was, and still is, a corporate officer of Mario's Pizzeria.

14. Upon information and belief, at all relevant times, George Spanos exercised operational control over Mario's Pizzeria, controlled significant business functions of Mario's Pizzeria, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Mario's Pizzeria in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees, including Plaintiffs.

15. Upon information and belief, at all relevant times, defendant, Christopher Spanos, is an adult individual residing in the State of New York.

16. Upon information and belief, at all relevant times, Christopher Spanos was, and still is, a corporate officer of Mario's Pizzeria.

17. Upon information and belief, at all relevant times, Christopher Spanos exercised operational control over Mario's Pizzeria, controlled significant business functions of Mario's Pizzeria, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Mario's Pizzeria in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees, including Plaintiffs.

18. At all relevant times, Defendants George Spanos and Christopher Spanos have managed and supervised Plaintiffs' work as cooks and kitchen helpers for Defendants at Mario's Pizzeria.

19. As such, at all relevant times, Defendants George Spanos and Christopher Spanos have been employers under the FLSA and the NYLL.

## FACTS

20. Defendants George Spanos and Christopher Spanos hired Plaintiffs.

21. Defendants George Spanos and Christopher Spanos have decided the job duties that Plaintiffs perform on a daily basis.

22. Defendants George Spanos and Christopher Spanos have determined the manner in which Plaintiffs are to be paid.

23. Defendants George Spanos and Christopher Spanos have determined the Plaintiffs' weekly rate of pay.

24. Defendants George Spanos and Christopher Spanos have made the decision to pay the Plaintiffs in cash on a weekly basis.

25. Defendants George Spanos and Christopher Spanos have determined the Plaintiffs' work schedules.

26. Defendants George Spanos and Christopher Spanos have decided the number of hours that Plaintiffs work each week.

27. Defendants George Spanos and Christopher Spanos have participated in running the day-to-day operations of Mario's Pizzeria during Plaintiffs' employment.

28. Jose Garcia's job duties include cooking, preparing pasta and vegetables, and washing dishes.

29. Vicente Garcia's job duties include making pizza.

30. During the years 2011 until November 2015, Jose Garcia worked six days a week with Wednesday being his off day.

31. During this time period, Jose Garcia worked the following shifts: Monday – 10:00 a.m. to 10:00 p.m.; Tuesday – 10:00 a.m. to 10:00 p.m.; Thursday – 10:00 a.m. to 9:00 p.m.; Friday – 10:00 a.m. to 9:00 p.m.; Saturday – 10:00 a.m. to 11:00 p.m.; Sunday 10:30 a.m. to 10:00 p.m.

32. During this time, Jose Garcia took a 1 hour lunch break each day except on Fridays and Saturdays he was not given and did not take any meal breaks.

33. During this time, Jose Garcia worked 66.5 hours each week.

34. From November 2015 to the present, Jose Garcia has worked five days a week with Tuesdays and Wednesdays being his days off.

35. During this time, Jose Garcia has worked the following shifts: Monday – 10:00 a.m. to 10:00 p.m.; Thursday – 10:00 a.m. to 9:00 p.m.; Friday – 10:00 a.m. to 11:00 p.m; Saturday – 10:00 a.m. to 9:00 p.m.; and Sunday – 10:30 a.m. to 10:00 p.m.

36. During this time, Jose Garcia has taken a 1 hour lunch break each day except on Fridays and Saturdays he has not been given and has not taken any meal breaks.

37. During this time, Jose Garcia has worked 55.5 hours each week.

38. From 2011 until November 2015, Jose Garcia was paid a flat weekly salary of $640.00 in cash.

39. From November 2015 to November 2016, Jose Garcia was paid a flat weekly salary of $760.00 in cash.

5

40. From November 2016 to the present, Jose Garcia has been paid a flat weekly salary of $820.00 in cash.

41. During the years 2011 through 2013, Vicente Garcia worked 6 days a week with Wednesday being his off day.

42. During this time period, Vicente Garcia worked the following shifts: Monday – 10:00 a.m. to 10:00 p.m.; Tuesday – 10:00 a.m. to 9:00 p.m.; Thursday – 10:00 a.m. to 9:00 p.m.; Friday – 10:00 a.m. to 9:00 p.m.; Saturday – 10:00 a.m. to 3:00 p.m.; Sunday 10:30 a.m. to 10:00 p.m.

43. During this time, Vicente Garcia took a 1 hour lunch break each day except on Fridays and Saturdays he was not given and did not take any meal breaks.

44. During this time, Vicente Garcia worked 57.5 hours each week.

45. During the years 2014 and 2015, Vicente Garcia worked 5 days a week with Wednesdays and Saturdays being his off days.

46. During this time period, Vicente Garcia worked the following shifts: Monday – 10:00 a.m. to 10:00 p.m.; Tuesday – 10:00 a.m. to 9:00 p.m.; Thursday – 10:00 a.m. to 9:00 p.m.; Friday – 10:00 a.m. to 9:00 p.m.; Sunday 10:30 a.m. to 10:00 p.m.

47. During this time, Vicente Garcia took a 1 hour lunch break each day except on Fridays he was not given and did not take any meal breaks.

48. During this time, Vicente Garcia worked 52.5 hours each week.

49. From 2016 to the present, Vicente Garcia has worked 6 days a week with Wednesdays being his day off.

50. During this time period, Vicente Garcia has worked the following shifts: Monday – 10:00 a.m. to 10:00 p.m.; Tuesday – 10:00 a.m. to 9:00 p.m.; Thursday – 10:00

a.m. to 9:00 p.m.; Friday – 10:00 a.m. to 9:00 p.m.; Saturday – 10:00 a.m. to 3:00 p.m.; Sunday 10:30 a.m. to 10:00 p.m.

51. During this time, Vicente Garcia has taken a 1 hour lunch break each day except on Fridays and Saturdays he has not been given and has not taken any meal breaks.

52. During this time, Vicente Garcia worked 57.5 hours each week.

53. From 2011 through 2014, Vicente Garcia was paid a flat weekly salary of $750.00 in cash.

54. From 2015 to the present, Vicente Garcia has been paid a weekly salary consisting of $500.00 in cash and a net check of $361.00.

55. During their employment, Plaintiffs have regularly worked shifts in excess of ten (10) hours for several days each workweek.

56. During their employment, Defendants have not paid Plaintiffs spread of hours compensation for any of the shifts that they worked in excess of ten (10) hours each workweek.

57. During the last 6 years of their employment, Plaintiffs have always worked more than forty (40) hours each workweek but have never been paid overtime compensation by Defendants.

58. During the last 6 years of their employment, Defendants did not pay Plaintiffs one and one-half times their regular rates of pay when they worked more than forty (40) hours each workweek.

59. During the last 6 years of their employment, Plaintiffs never received a wage notice showing their weekly rate of pay or their overtime rate of pay.

60. During the last 6 years of their employment, Plaintiffs have never received a written statement with their cash wages that included their weekly rates of pay, their overtime rate, and the total number of hours that they worked each workweek.

61. During the last 6 years of their employment, Defendants have maintained a timekeeping system to track the amount of hours that Plaintiffs and other employees worked.

62. During this time, Plaintiffs have punched in at the beginning of each shift and have punched out at the end of each shift.

63. During the last 6 years of their employment, Defendants have managed Plaintiffs' employment, including the amount of overtime that they worked each workweek.

64. During this time, Defendants dictated, controlled, and ratified the wage-and-hour and all related employee compensation policies.

65. During this time, Defendants were aware of Plaintiffs' work hours, but failed to pay the Plaintiffs the full amount of wages to which they were entitled each week for this work time under federal and state laws.

66. Defendants' failures to pay Plaintiffs proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged, and continues to be damaged, by such failures.

## COUNT I

### FLSA Overtime Wage Claim

67. Plaintiffs allege, re-allege, and incorporate by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

68. At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

69. At all times relevant to this Complaint, Defendants "employed" Plaintiffs by suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

70. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

71. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiffs who has worked as cooks and kitchen helpers at Mario's Pizzeria.

72. At all times relevant to this Complaint, Mario's Pizzeria was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

73. Upon information and belief, the gross annual volume of sales made or business done by Mario's Pizzeria for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

74. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq*.

75. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

9

76. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

77. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

78. However, none of the Section 13 exemptions apply to Plaintiffs because they have not met the requirements for coverage under the exemptions.

79. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

80. Defendants have not acted in good faith with respect to the conduct alleged herein.

81. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT II

### NYLL Overtime Wage Claim

82. Plaintiffs allege, re-allege and incorporate by reference all of the allegations from all preceding paragraphs as though fully set forth herein.

83. At all times relevant to this Complaint, Defendants were "employers" of Plaintiffs within the meaning of the NYLL and the regulations pertaining thereto.

84. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

85. At all times relevant to this Complaint, Defendants employed Plaintiffs, suffering or permitting them to work within the meaning of the NYLL and the regulations pertaining thereto.

86. At all times relevant to this Complaint, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

87. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §142-2.2.

88. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

89. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation as required by the NYLL and the regulations pertaining thereto.

90. Plaintiffs are not exempt from the overtime provisions of the NYLL and the regulations, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

91. Defendants have acted willfully and have either known that their conduct violated the NYLL and the regulations pertaining thereto or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

92. As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined

at trial, along with liquidated damages, attorneys' fees and costs of litigation pursuant to the NYLL.

## COUNT III

### NYLL Spread of Hours Claim

93. Plaintiffs allege, re-allege and incorporate by reference all of the allegations from all preceding paragraphs as though fully set forth herein.

94. During the entire course of his employment, Plaintiffs worked shifts of in excess of ten (10) hours each workweek.

95. Defendants failed to pay Plaintiffs spread of hours compensation of an additional hour of pay at the minimum wage for each day that Plaintiffs worked a spread of hours in excess of ten hour as required under the New York State Department of Labor's Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

96. Defendants' failures constituted outrageous conduct, made knowingly and willfully or with a reckless indifference to Plaintiffs' rights.

97. As a result of Defendants' violations of the NYLL and the Regulations pertaining thereto, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV

### NYLL Failure to Provide Wage Notices Claim

98. Plaintiffs allege, re-allege and incorporate by reference all allegations from all preceding paragraphs as though fully set forth herein.

99. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment as required by NYLL § 195(1), in English or in Spanish (the language identified by Plaintiffs as their primary language), which were to contain, among other things, Plaintiffs' rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

100. Through their knowing and intentional failure to provide Plaintiffs with proper wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting regulations.

101. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties of fifty dollars ($50.00) for each work week prior to February 27, 2015 in which Defendants failed to provide Plaintiffs with proper wage notices up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of fifty dollars ($50.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage notices up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V

### NYLL Failure to Provide Wage Statement Claim

102. Plaintiffs allege, re-allege and incorporate by reference all allegations from all preceding paragraphs as though fully set forth herein.

13

103. Defendants willfully failed to provide Plaintiffs with proper written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

104. Through their knowing and intentional failure to provide Plaintiffs with proper and accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting regulations.

105. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties of one hundred dollars ($100.00) for each work week prior to February 27, 2015 that Defendants failed to provide the Plaintiffs with proper written wage statements up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of two hundred fifty dollars ($250.00) for each work day on or after February 27, 2015 in which Defendants failed to provide Plaintiffs with proper wage statements up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to the Plaintiff;
2. Willfully violated the overtime provisions of the FLSA;
3. Violated the provisions of the NYLL by failing to pay overtime wages, and spread of hours wages to the Plaintiff;
4. Willfully violated overtime, and spread of hours provisions of the NYLL.

B. Award compensatory damages, including all minimum wage, overtime, and spread of hours compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime, and spread of hours compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and the NYLL; and

E. Provide such other and further relief as the Court deems just and equitable.

Dated: Massapequa, New York
April 12, 2017

Neil H. Greenberg & Associates, P.C.

By: Neil H. Greenberg, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: (516) 228-5100
Fax: (516) 228-5106
nhglaw@nhglaw.com

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Mario's Pizzeria of E. Northport Corp. and Isidoros Spanos** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Mario's Pizzeria of E. Northport Corp. and Isidoros Spanos** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Fecha/Date: 3/12/2017

*Jose Ramon Garcia*
Jose Garcia

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Mario's Pizzeria of E. Northport Corp. and Isidoros Spanos** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Mario's Pizzeria of E. Northport Corp. and Isidoros Spanos** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Fecha/Date: 3/22/14

*Vicente n Garcia*
Vicente Garcia