# NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made by and between EAST NORTHPORT HOLDINGS CORP. and CHRISTOPHER SPANOS, on the one hand, ("Defendants"), and JOSE GARCIA and VICENTE GARCIA, on their own behalf and on behalf of their heirs, executors, administrators, successors and assigns, on the other hand ("Plaintiffs"). Plaintiffs and Defendants are hereinafter collectively referred to as the "Parties".

WHEREAS, Defendants and Plaintiffs are parties to a lawsuit in the United States District Court for the Eastern District of New York, entitled *Jose Garcia et al. v. East Northport Holdings Corp. et al.*, 17 CV 2224 (ADS) (ARL) (the "Civil Action");

WHEREAS the Defendants and the Plaintiffs to that lawsuit wish to reach a compromise of that Civil Action;

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing with respect to Plaintiffs;

WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiffs. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, Plaintiffs, with full assistance and through consultation with counsel, freely and voluntarily enter into this Agreement in exchange for the promises contained herein and the full payment due from Defendants as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1.      In consideration for the payment of NINETY-FIVE THOUSAND DOLLARS ($95,000.00) ("the Settlement Payment") as set forth in paragraph 2. herein, Plaintiffs hereby release, waive and forever discharge all claims against Defendants, their present and former affiliated entities, predecessor entities, successor entities and their respective past, present, and future owners, officers, directors, employees, representatives, agents or attorneys ("RELEASEES"), for alleged unpaid overtime pay, minimum wages and attorneys' fees arising from the Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, and for alleged unpaid overtime pay, minimum wages, spread of hours compensation, failure to provide wage notices, failure to provide wage statements and attorneys' fees arising from the Plaintiffs' claims under the New York Labor Law as well as section 650 et seq., including Part 142, section 142-2.2 and section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), and any and all related retaliation claims arising under the FLSA or the New York Labor Law from the beginning of the world to the day and date Plaintiffs sign this Agreement up to and including the date of the complete execution of this Agreement.

2.      The Settlement Payment shall be delivered to the offices of Plaintiffs' counsel, Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758 and paid as follows:

    a.  On or before March 31, 2018, or within 30 days of the Court approving this Settlement Agreement and dismissing this action with prejudice, whichever is later, Defendants shall:

        i.  Issue a check to Jose Garcia in the amount of SIXTEEN THOUSAND DOLLARS ($16,000.00), made payable to "Jose Garcia" for which Plaintiff shall receive an IRS 1099 tax form with box #3 checked.

        ii.  Issue a check to Vicente Garcia in the amount of SIXTEEN THOUSAND DOLLARS ($16,000.00), made payable to "Vicente Garcia" for which Plaintiff shall receive an IRS 1099 tax form with box #3 checked.

        iii.  Issue a check to NEIL H. GREENBERG & ASSOCIATES, P.C. in the amount of FIFTEEN THOUSAND DOLLARS ($15,000.00), made payable to "Neil H. Greenberg & Associates, P.C." Defendants shall issue an IRS Form 1099 to Neil H. Greenberg & Associates, P.C. in connection with this payment.

        iv.  The remaining payments consisting of $48,000.00 shall be paid in 12 equal installments of $4,000.00 in the manner set forth in the Exhibit A attached hereto and made a part hereof. All remaining payments to Jose Garcia and Vicente Garcia shall be made less lawful deductions, constituting back pay for which Plaintiffs shall receive an IRS W-2 tax form. The first payment

2

(MONTH 1) shall be made on or before May 1, 2018 and the last payment (MONTH 12) shall be made on or before April 1, 2019.

Plaintiffs' counsel shall be responsible for distribution of settlement funds to Plaintiffs. Defendants shall have no responsibility for delivery of the Settlement Payments to Plaintiffs once they have been delivered to Plaintiffs' counsel as set forth herein. Payments received by Plaintiffs' counsel under the terms of this Agreement shall be deemed to have been received by Plaintiffs themselves.

3.      On or about January 31, 2019 and January 31, 2020, Plaintiffs shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form W-2 and a Form 1099 reflecting payment to the Plaintiffs of that portion (if any) of the Settlement Payment which was received by him in the prior calendar year. Plaintiffs shall be responsible to pay all Federal, State and local taxes in connection with that portion of the Settlement Payment which was received by them and agree to indemnify and hold Defendants harmless for any and all Federal, State and local taxes, interest and penalties that are due, may become due or are otherwise assessed against Plaintiffs or the Defendants, at any time, with the exception of Defendants' portion of FICA and FUTA, if any.

4.      Plaintiffs admit and acknowledge that they: (i) have had an opportunity to consult with an attorney and determine whether this settlement is reasonable and fully satisfies their claims against Defendants; (ii) have been paid and received all bonuses, payments, commissions, severance and benefits to which they may be entitled from Defendants and that no leave (paid or unpaid) or other compensation is due to them as a result of the settlement of the Civil Action; (iii) understand that the consideration set forth in paragraphs 1 and 2 of this Agreement shall not be considered wages for purposes of pension or any other employment-related benefits; and (iv) understand they are not entitled to any other compensation, monies, relief or recovery whatsoever, except as set forth in paragraphs 1 and 2 of this Agreement and the Exhibit A annexed hereto and made a part hereof.

5.      The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiffs unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any duty or obligation that they may owe or may have owed to the Plaintiffs.

6.      Upon delivery to the Defendants of this fully executed Agreement, the Plaintiffs shall deliver to Defendants' counsel an executed Stipulation of Dismissal with Prejudice dismissing all claims in the Civil Action with prejudice and without costs or fees assessed against any party except as provided for in this Agreement. Plaintiff shall then promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement and the dismissal of the Civil Action with prejudice.

7.      This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiffs, as indicated in Paragraphs 1 and 2, is a fair and reasonable resolution to this *bona fide* dispute.

3

8.      Plaintiffs agree that they will not at any time in the future knowingly seek employment with Defendants, or Releasees and hereby waive any right that may accrue to each of them from any application for employment that he may make (whether knowingly or unknowingly), or any employment that he may receive, notwithstanding this Paragraph. By this Agreement, Plaintiffs intend to remove themselves from consideration for future employment with Defendants, and agree that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiffs may make for employment or to terminate any such employment they may obtain notwithstanding this Paragraph. Plaintiffs acknowledge and agree that they have no right to any reinstatement or re-employment by Defendants, or Releasees at any time.

9.      Enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

10.     No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

11.     This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

12.     This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

13.     This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

14.     In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders. This Agreement has been drafted jointly by all Parties, and therefore it shall not be construed strictly against any Party as the drafter.

15.     This Agreement shall become effective upon its execution by all Parties. However, if the Court in this Civil Action refuses to approve this Agreement, the parties shall make all reasonable efforts to modify this Agreement to make it acceptable to the Court. If after conferring in good faith the parties are unable to do so, this Agreement shall become void and unenforceable.

16.     The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action.

17.     This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the

same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

18.     This Agreement supersedes all prior agreements or understandings of any kind, whether oral or written, and represents the entire Agreement. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof

19.     Plaintiffs state that their attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

20.     Plaintiffs acknowledge that, in the event their primary language is Spanish, this Agreement has been reviewed in Spanish with them in its entirety. Plaintiffs each fully understood all of the terms of this Agreement and voluntary accepts them by signing below.

21.     Concurrently with the execution of this Agreement, Christopher Spanos shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit B. Defendants shall provide Plaintiffs' counsel with said executed Affidavit of Confession of Judgment bearing original signatures. The Affidavit of Confession of Judgment shall be held in escrow by Plaintiffs' counsel. Plaintiffs and Defendants agree that the Court shall retain enforcement jurisdiction to ensure the Parties' compliance with the terms and conditions of this Agreement and expressly consent to the jurisdiction of the Court for such purpose. In the event of a default, which default is not timely cured, Defendants shall be liable to Plaintiffs in the total amount of Ninety-Five Thousand Dollars ($95,000.00), less any amounts already paid pursuant to paragraph 2 above. Defendants will be considered in default of this Agreement if they fail to timely deliver to the Plaintiffs' attorney the payment set forth in paragraph 2 of this Agreement and such failure is not cured within seven (7) business days after receipt of written notice to cure any defaults [an "Event of Default"]. If after seven (7) business days Defendants have failed to cure the default, and an "Event of Default" is deemed to have occurred, the amount of Ninety Five Thousand Dollars ($95,000.00), minus any payments made pursuant to this Agreement will immediately become due to the Plaintiffs, and the Plaintiffs may apply to the Court for such relief as well as file the Affidavit of Confession of Judgment. Written notice of such default shall be given to Defendants' Counsel, Christopher R. Lynn, Esq., via email transmission at chrisrlynn@aol.com and via First Class U.S. Mail. Upon complete satisfaction of all payments set forth in Paragraph 2, the Affidavit of Confession of Judgment will be deemed null and void, and Plaintiffs' counsel will return the original Affidavit of Confession of Judgment to Defendants' counsel, and shall retain no copies of same. IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Agreement & Release.

Plaintiff:

_Jose Ramon Hernandez_
JOSE GARCIA

5



VICENTE GARCIA

Defendants:

EAST NORTHPORT HOLDINGS CORP.

By: _____, President

CHRISTOPHER SPANOS

6

## EXHIBIT A

### MONTH 1

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

### MONTH 2

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

### MONTH 3

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

### MONTH 4

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

### MONTH 5

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

### MONTH 6

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

### MONTH 7

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

**MONTH 8**

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

**MONTH 9**

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

**MONTH 10**

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

**MONTH 11**

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

**MONTH 12**

1. Jose Garcia – $1,375.00, less applicable withholdings
2. Vicente Garcia – $1,375.00, less applicable withholdings
3. Neil H. Greenberg & Associates, P.C. - $1,250.00

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOSE GARCIA and VICENTE GARCIA,                    17 CV 2224 (ADS)(ARL)


                        Plaintiffs,


        -against-


EAST NORTHPORT HOLDINGS CORP.,
MARIO'S PIZZERIA OF E. NORTHPORT CORP.,
and CHRISTOPHER SPANOS,


                        Defendants.
-------------------------------------------------------------------X

## AFFIDAVIT FOR JUDGMENT BY CONFESSION


STATE OF NEW YORK              )

                              )      ss.:

COUNTY OF *NASSAU*            )


        CHRISTOPHER SPANOS., being duly sworn, deposes and says:

        1. I am a Defendant in the above-entitled action and I am a principal of Defendant, East Northport Holdings Corp ("Corporate Defendant").

        2. I am duly authorized to make this affidavit in support of Plaintiffs' application for the entry of a judgment by confession against me and the Corporate Defendant in the above-captioned action.

        3. This is a judgment to be confessed for money due. The facts out of which the debt arose and that the sum confessed as justly due is set forth below.

        4. In or around December 2017, Defendants agreed to pay the total sum of Ninety-Five Thousand Dollars and Zero Cents ($95,000.00) in exchange for the dismissal of the above-captioned action, with prejudice, and the Parties executed a Settlement Agreement (the "Agreement"), attached hereto as Exhibit A.

        5. Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount of Ninety-Five Thousand Dollars and Zero Cents ($95,000.00) by April 1, 2019.

        6. Under the terms of the Agreement, I agreed to execute the instant Affidavit for Confession of Judgment on behalf of myself and the Corporate Defendant in the amount of One-hundred fourteen thousand Dollars and Zero Cents ($114,000.00), less any payments made by Defendants under said Agreement.

        7. Under the terms of the Agreement, if Defendants are in default in the payment of any portion of the Ninety-Five Thousand Dollars ($95,000.00), Plaintiff shall provide seven (7) business days' notice to Defendants of his intent to file the Affidavit for Confession of Judgment with the court. Defendants shall have seven (7) calendar days to remedy their default.

        8. Accordingly, if Defendants do not remedy their default within seven (7) business days of their receipt of such notice, I hereby authorize the entry of judgment in the amount of Ninety-Five Thousand Dollars and zero Cents ($95,000.00), less any payments made by Defendants under said Agreement, against myself.

                [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]


        9. I hereby confess judgment and authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.


Dated:        *Garden City*, New York

_____

CHRISTOPHER SPANOS

STATE OF NEW YORK          }

                             }S.S.

COUNTY OF *NASSAU*         }

On *Dec 21*, 2017, before me personally came Christopher Spanos, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____

NOTARY PUBLIC

**WARREN S. HOFFMAN**
Notary Public, State of New York
No. 01HO4750196
Qualified in Nassau County
Commission Expires December 31, 2017